*Duvall,* for Appellants.

---

## S. W. KENNEDY *v.* JOHN D. MORRIS et al.

**Attorney and Client — Community of Interest.**

    S. W. Kennedy was employed to defeat a $300,000 subscription by Christian county to the Henderson & Louisville Railroad Company, by Knight, Bryant, and Thomas. Evidence was conflicting as to which one made the actual employment, but a formal protest against the subscription was signed and filed and the names of defendants Thomas and Baker appeared to same. It appeared also that a large number of citizens in the lower part of the county desired to defeat the subscription; this being a community of interest, there was a concord and unity of action. The name of Thomas appearing as a signer of the petition and also in the light of an employer, a verdict in his favor was erroneous.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

June 12, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Although the bill of exceptions does not say, in so many words, this was all the evidence, yet it does say "*the following evidence was introduced and heard,*" which may be regarded as equivalent to saying the case *was heard upon the following evidence,* especially as the order filing it says by leave of court the plaintiff filed his "*bill of exceptions and evidence herein.*"

If it appear with reasonable certainty that the bill of exceptions contains all the evidence, though it does not say so in so many words, this is sufficient under section 365 of the Civil Code, and the rules in such cases as recognized by this court. There was no conflict nor contrariety of evidence in this case as the defendants offered none. It was proved that appellant, at the instance of Knight & Bryant, who were employed by parties designing to de-

feat the subscription of $300,000, on the part of Christian county, to the Henderson & Nashville Railroad Company, appeared in the County Court, and with the aid of other counsel defeated the subscription, and the taxation that would have been the consequence thereof, and that either Morris, or Thomas, but Knight says the latter according to his best recollection, said to appellant to make out his account for his services and leave it with Knight & Bryant and that it should be paid.

It appears the property-holders in the southern part of the county desired to defeat this subscription and that being a community of interest there was a concord and unity of action; but as to who specially became responsible, may be difficult to ascertain especially after several years have elapsed.

But numbers of gentlemen made and signed a formal protest and filed it in the County Court, and it is proved that it was upon this that the question was raised and adjudicated; to this protest the names of the defendants Thomas and Baker appear. It may be fairly presumed from the circumstances that appellant represented all these and that all were responsible to him for his fee, but the evidence leaves no doubt as to Thomas. Had the jury found against any one of the defendants we might not have felt authorized to disturb the finding, as being clearly against the weight of the testimony, but as they found against the plaintiff as to all the defendants, it is not only clearly against the weight of evidence but entirely so without even the semblance of evidence to sustain it, and the court should have set it aside. Wherefore, the judgment is reversed with direction for a new trial and for further proceedings.

*Kennedy,* for Appellant.

*Rodman,* for Appellee.